**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1058

CLARENCE W. HESSON,

Plaintiff - Appellant,

versus

MORRISON-KNUDSEN COMPANY, INCORPORATED, a
Delaware corporation; E.I. DUPONT DE NEMOURS
& COMPANY, a Delaware corporation,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-01-619-2)

Argued: October 28, 2004              Decided: December 3, 2004

Before WILKINS, Chief Judge, and MICHAEL and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Harry Gustavus Shaffer, III, SHAFFER & SHAFFER, P.L.L.C., Madison, West Virginia, for Appellant. Raymond Michael Ripple, E.I. DUPONT DE NEMOURS & COMPANY, Wilmington, Delaware; Eric E. Kinder, SPILMAN, THOMAS & BATTLE, P.L.L.C., Charleston, West Virginia, for Appellees. **ON BRIEF:** H. Jerome Sparks, SHAFFER & SHAFFER, P.L.L.C., Madison, West Virginia, for Appellant. Edward W. Rugeley, III, Niall A. Paul, SPILMAN, THOMAS & BATTLE, P.L.L.C., Charleston, West Virginia, for Appellee Morrison-Knudsen; Donna L. Goodman, E.I. DUPONT DE NEMOURS & COMPANY, Wilmington, Delaware, for Appellee DuPont.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Clarence Hesson sued his former employer, Morrison-Knudsen Company, Inc. (MK), and E.I. Dupont De Nemours and Company (Dupont) for injuries he sustained while cleaning a bag house at Dupont's Washington Works facility near Parkersburg, West Virginia. (A bag house sits atop a boiler and functions to prevent particulate matter generated by the boiler from escaping into the outside air.) Hesson seriously injured his leg when he slipped and fell into a temporary recess in the bag house floor while removing empty filter-bag cages. At the time of Hesson's injuries, MK was Dupont's in-house contractor responsible for maintaining and cleaning the facility's bag houses. Hesson alleges, pursuant to section 23-4-2(d)(2) of the West Virginia Code, that MK is not immune from suit under the State's workers' compensation scheme because MK acted with deliberate intention in exposing him to an unsafe working condition. Hesson also alleges that Dupont, as the owner of the facility, violated West Virginia statutory and common law by maintaining unsafe premises.

The district court awarded summary judgment to both MK and Dupont. As to MK, the court concluded that Hesson could not establish three of the five requirements of a deliberate intention claim under section 23-4-2(c)(2) of the West Virginia Code. More specifically, Hesson could not establish (1) that MK had a subjective realization and appreciation of the existence of a

3

specific unsafe working condition, (2) that the specific unsafe working condition constituted a violation of state or federal law, or (3) that MK had exposed Hesson to a specific unsafe working condition. See Hesson v. Morrison-Knudsen Co., Inc., No. 2:01-0619 (S.D.W.Va. Dec. 12, 2003) (mem. order granting summary judgment to MK). The district court concluded that Dupont is not liable under West Virginia statutory or common law because Hesson could not establish that the bag house was unsafe or that Dupont exercised sufficient control over MK to permit MK's employment practices to be attributed to Dupont. See Hesson v. Morrison-Knudsen Co., Inc., No. 2:01-0619 (S.D.W.Va. Dec. 12, 2003) (mem. order granting summary judgment to DuPont).

We affirm the orders awarding summary judgment to both MK and Dupont, and we do so on the reasoning of the district court with one exception. As to the deliberate intention claim against MK, we decline to conclude that Hesson could not establish that the specific unsafe working condition constituted a violation of OSHA regulations, 29 C.F.R. § 1910.23(a)(5) and (a)(7), which set safety standards for pits, trap door floor openings, and temporary floor openings. These regulations require either railings around an opening or the assignment of an employee to attend the opening. The district court concluded, and Hesson's expert witness agreed, that railings around the temporary openings or recesses in the bag house floor were not feasible. According to the district court, no

4

violation of these regulations occurred when Hesson entered the bag house by himself and began removing cages because he was attending the temporary openings or recesses in the bag house floor at the same time he was removing the cages.  We disagree with the court's conclusion, on summary judgment, that Hesson could simultaneously attend the openings and work around them.  Nevertheless, Hesson's deliberate intention claim against MK still fails because, as the district court determined, he cannot establish the two other requirements of section 23-4-2(c)(2) noted in the preceding paragraph.

The orders of the district court are therefore affirmed.

AFFIRMED